[Civ. No. 3714.  Second Appellate District, Division Two.—March 1923.]

## C. W. HUNT, Respondent, v. INNER HARBOR LAND COMPANY (a Corporation), Appellant.

[1] VENDOR AND VENDEE—COVENANT TO CONVEY GOOD TITLE—CONSTRUCTION OF CONTRACT.—Where a vendor agrees to deliver to the vendee, upon payment of the agreed purchase price for the property, "a good and sufficient deed of grant, bargain and sale to said property, and also a certificate of title showing title to the same vested in the grantor or grantors in said deed," such covenant calls for a good title to the land, unencumbered and free from defect.

[2] ID.—CONDEMNATION PROCEEDING—RESCISSION—RECOVERY OF PAYMENTS.—Notwithstanding an executory contract to convey real property has the effect of vesting the equitable estate in the

---

2. Pending condemnation proceedings as breach of covenant against encumbrances, note, 36 L. R. A. (N. S.) 1067.

Right of vendee in contract for sale of real property to recover payments, note, L. R. A. 1918B, 540.

vendee, leaving in the vendor the naked legal title, and, as equitable owner of the land, the vendee is entitled to any award which may be made on condemnation of the property, where the vendor has covenanted to convey good title to the land, unencumbered and free from defect, the commencement of a condemnation proceeding subsequent to the making of such contract, but prior to the passage of the legal title to the vendee, creates an encumbrance on the property entitling the vendee to rescind the contract and sue for the return of any purchase money which may have been paid by him before the condemnation suit was instituted.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. S. Crail, Judge. Affirmed.

The facts are stated in the opinion of the court.

Daly, Daly & Todd and James H. Daly for Appellant.

Birney Donnell for Respondent.

H. S. Laughlin, as *Amicus Curiae.*

FINLAYSON, P. J.—This is an action to recover moneys which plaintiff had paid to defendant as part of the agreed purchase price under a written contract of sale whereby defendant had agreed to convey and plaintiff had agreed to purchase a certain parcel of land in Los Angeles County. Subsequent to the contract and to the payment of the moneys sought to be recovered, a condemnation action was commenced by the Los Angeles Flood Control District to condemn the land for flood control purposes. **[1]** In its contract to convey defendant covenanted to deliver to plaintiff, upon payment of the agreed purchase price, ''a good and sufficient deed of grant, bargain and sale to said property, and also a certificate of title showing title to the same vested in the grantor or grantors in said deed.'' This covenant calls for a good title to the land, unencumbered and free from defect. (*Haynes* v. *White,* 55 Cal. 38; *Easton* v. *Montgomery,* 90 Cal. 307, 314 [25 Am. St. Rep. 123, 27 Pac. 280].) The pendency of the condemnation action is an encumbrance upon the title. (*Block* v. *Citizens Trust etc. Bank,* 57 Cal. App. 518 [207 Pac. 510].) Subsequent to the commencement of the condemnation suit and prior

to bringing this action, plaintiff rescinded his contract to purchase upon the ground that defendant, by reason of the condemnation suit, could not give the title which it had obligated itself to convey. He likewise demanded repayment of the moneys already paid by him on the purchase price. Defendant refused to repay; hence this action. Plaintiff recovered judgment in the court below, and defendant appeals.

[2] An executory contract to convey has the effect of vesting the equitable estate in the vendee, leaving in the vendor the naked legal title. As the equitable owner of the land, the vendee is entitled to any award which may be made on condemnation of the property. Wherefore appellant contends that respondent can look to the flood control district for compensation, that the money he thus is entitled to receive from that source will stand in lieu of the real property which appellant covenanted to convey to him, and that, therefore, there was no warrant for the rescission of the contract. The contention lacks merit. The fact that upon the execution of the contract respondent became the equitable owner of the property and as such would be entitled to any award which might be made on condemnation of the land did not deprive him of the benefit of appellant's covenant to convey to him the legal title to the land clear of all encumbrances. The equitable ownership of a vendee under an executory contract neither satisfies nor releases his vendor's covenant to convey to him the legal title free from encumbrance. The covenant refers to title to land, not title to personal property. Therefore, if by reason of a subsequently commenced condemnation suit, the vendor, at the time when he should execute the deed, is not able to give that title to the land which he covenanted to grant, his vendee may rescind the executory contract and sue for the return of any purchase money which may have been paid by him before the condemnation suit was instituted. (*Kares* v. *Covell,* 180 Mass. 206 [91 Am. St. Rep. 271, 62 N. E. 244].) *Nixon* v. *Marr,* 190 Fed. 913 [111 C. C. A. 503, 36 L. R. A. (N. S.) 1067], is not in point. There the vendee did not rescind. He sought to recover damages. For that reason the prevailing opinion differentiates that case from *Kares* v. *Covell, supra.* For the same reason it may be differentiated from the present case.

Appellant claims that the commencement of the condemnation action excused it from performing its contract to convey an unencumbered title to the land. Even so, appellant is not entitled to retain moneys which it accepted as the consideration for that good and unencumbered title which it expressly obligated itself to convey.

The judgment is affirmed.

Works, J., and Craig, J., concurred.

Petitions to have the above cause and the cases of *Mann* v. *Inner Harbor Land Co.* (Cal.), 214 Pac. 998, and *Jones* v. *Inner Harbor Land Co.* (Cal.), 214 Pac. 998, heard in the supreme court, after judgment in the district court of appeal, were denied by the supreme court on May 4, 1923, and the following opinion then rendered thereon:

THE COURT.—The petitions for transfer to this court are denied upon the ground that it appears from the judgment-roll that the property has actually been condemned by the Los Angeles County Flood Control District by judgment entered September 22, 1920; that possession of the property was taken May 15, 1919, and presumably the defendant has received full compensation for the property; and for the further reason that the defendant, by its answer herein, concedes its inability to comply with the contract and alleges that the contract is at an end and this, in effect, is a consent to the rescission of the contract by the plaintiffs.

The applications for a hearing in this court after decision by the district court of appeal of the second appellate district, division two, are denied.

Wilbur, C. J., Lawlor, J., Lennon, J., Waste, J., Seawell, J., Myers, J., and Richards, J., *pro tem.,* concurred.