[Civ. No. 4225.  Second Appellate District, Division Two.—May 18, 1927.]

## ERNEST OGREN, Respondent, v. INNER HARBOR LAND COMPANY (a Corporation), Appellant.

[1] VENDOR AND VENDEE — AGREEMENT TO FURNISH GOOD TITLE—CONDEMNATION OF PROPERTY — RESCISSION BY VENDEE — RECOVERY OF PURCHASE PRICE — REMEDIES.—A vendee under a contract of sale of land is entitled to rescind the contract and recover from the

---

1.  See 25 Cal. Jur. 718; 27 R. C. L. 500.

vendor the money paid thereon, where the vendor agreed to furnish a good and sufficient deed and certificate of title upon full payment of the purchase price, and after the execution of the contract condemnation proceedings were instituted by a flood control district and by virtue of such proceedings possession of the land was acquired by such district.

[2] ID. — ABROGATION OF CONTRACT — SECTION 1511, CIVIL CODE—CONSTRUCTION OF.—The provision of section 1511 of the Civil Code to the effect that want of performance of an obligation is excused by operation of law is not authority for the proposition that the abrogation of the contract results by operation of law.

[3] ID. — OFFER BY VENDOR TO SUBSTITUTE OTHER PROPERTY— NOVATION. — The vendor's offer to substitute other property for that covered by the contract of sale, which offer was made after possession of the property covered by the contract was acquired by such district by virtue of condemnation proceedings, amounted to nothing more than a proposed novation.

[4] ID.—CONTRACTS.—One may not compel another to contract with him.

(1) 39 Cyc., p. 2006, n. 59. (2) 13 C. J., p. 635, n. 13. (3) 29 Cyc., p. 1131, n. 12. (4) 13 C. J., p. 272, n. 48.

APPEAL from a judgment of the Superior Court of Los Angeles County. Walton J. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Daly, Daly & Todd and J. E. Pawson for Appellant.

Randall, Bartlett & White and Walter J. Little for Respondent.

CRAIG, J.—This is an appeal upon the judgment-roll wherein it appears that the facts necessary to a consideration of the case upon appeal may be stated substantially as follows: On or about June 24, 1913, the defendant executed a conditional sale contract with the plaintiff, therein agreeing to sell to the latter a certain lot in the Inner Harbor Tract of Long Beach, Los Angeles County, for the principal sum of $900, $90 of which was paid on said date, installments of $10 each were to be paid each month, and the defendant agreed to furnish a good and sufficient deed and certificate of title upon full payment of the purchase price. Thereafter, and on April 20, 1919, the Los Angeles County flood

control district instituted condemnation proceedings against the appellant and others, but without joining the respondent, by virtue of which proceedings the district acquired possession on May 14, 1919, of a large tract of land, including the land in question. On October 6, 1919, appellant notified Ogren that in order that he might benefit by certain proposed improvements in that vicinity appellant would exchange a lot or lots of like value "for the lot or lots which you hold under contract in the County Flood-Control right-of-way." Between the date of the contract and November 22, 1918, Ogren had paid on account of the stipulated purchase price the sum of $751.68, and all taxes and assessments. He did not accept the appellant's offer to substitute other property, but on July 13, 1920, commenced this action praying for rescission of the contract and for the amount which he had paid thereon. The appellant interposed a general demurrer to the complaint, which was overruled. An answer was then filed and the case was submitted upon an agreed statement of facts. Thereafter the court rendered judgment in favor of the plaintiff and respondent.

[1] The ground here assigned for reversal is that "recourse is either against the district, or against the fund upon equitable grounds. Performance by defendant being excused by operation of law, no rescission will lie, and plaintiff cannot recover the payments under the contract; in fact, no action under the contract will lie, the same having been abrogated by operation of law."

The appellant cites no authority which supports this theory, and we are aware of none. [2] The provision of section 1511 of the Civil Code referred to by it to the effect that want of performance of an obligation is excused by operation of law falls far short of being an authority for the proposition that an abrogation of the contract results by operation of law. Without doubt appellant would be excused from specific performance of the contract, because it is beyond his power to specifically perform or to comply with its terms, but the respondent has sought no such impossible redress. It may be conceded that the respondent might have appeared in the condemnation proceeding, asserted his interest, and secured an allotment of his proportionate share, which the county flood control district was required to pay for the lot in question. However, he did not choose to do so.

We know of no case in this jurisdiction directly in point, but several decisions involve a determination of the relative rights of parties to a contract where performance has been excused through the intervention of an irresistible super-human cause, such as is specified by section 1511 of the Civil Code. Where buildings upon property contracted to be sold, but remaining in the possession of the vendor, are destroyed by fire the latter cannot compel the vendee to complete the purchase, but the latter may rescind and secure the return of what he shall have paid on the contract. (*Conlin* v. *Osborn*, 161 Cal. 659 [120 Pac. 755]; *Smith* v. *Phoenix Ins. Co.*, 91 Cal. 323 [25 Am. St. Rep. 191, 13 L. R. A. 475, 27 Pac. 738]. To the same effect is *Gould* v. *Murch*, 70 Me. 288 [35 Am. Rep. 325].)

*Kares* v. *Covell*, 180 Mass. 206 [91 Am. St. Rep. 271, 62 N. E. 244], was a case similar in principle to the one before us. There the vendor had perfect title when he entered into an executory contract to convey, but subsequently and before conveyance was made lost title to a part of the premises by the widening of a street. It was there pointed out that a covenant for title applies to the time of conveying rather than to that of the contract for sale, and that under the circumstances there involved the vendee might elect to take what the vendor could convey and hold the latter answerable in damages for the balance, or to rescind the contract and recover back the amount paid. In that case, as here, the vendee chose to rescind, and was held to be entitled to that remedy.

[3] Appellant's only offer was to substitute other property. This amounted to nothing more than a proposed novation. [4] That one may not compel another to contract with him is elementary and needs no citation of authority.

The judgment is affirmed.

Works, P. J., and Murphey, J., *pro tem.*, concurred.