MOLLIE REIFE, Appellant, *v.* CAROLINE A. OSMERS, Respondent.

(Argued October 24, 1929; decided December 3, 1929.)

*Milton Pinkus* and *Thomas J. Cuff* for appellant. The defendant was unable to convey the property contracted to be conveyed because title to a substantial portion thereof had vested in the city of New York by eminent domain between the date of the contract and the law day and the plaintiff was justified in rejecting title.

(*Brownell* v. *Board of Education,* 239 N. Y. 369; *Van Etten* v. *City of New York,* 226 N. Y. 483.)

*Carsten H. Ludder* for respondent. The vendor is able to give the vendee all she contracted to. (*Clarke* v. *L. I. Realty Co.,* 126 App. Div. 282; *Sewell* v. *Underhill,* 197 N. Y. 168; *Paine* v. *Meller,* 6 Ves. Jr. 349.)

O'BRIEN, J. Defendant owned real property in Queens county fronting sixty feet on Jamaica avenue and extending back one hundred feet. Plaintiff contracted to buy it. Between the dates of the contract and of the closing of title, a strip three and a quarter feet deep running along Jamaica avenue vested in the city of New York in a condemnation proceeding to widen that street. On the closing day plaintiff rejected title because part had vested in the city. This action is brought to recover the amount of the deposit and expenses and to declare such charges a lien on the land. On defendant's motion for a dismissal on the pleadings, the complaint was dismissed and final judgment entered for defendant.

The contract provides: " This sale covers all right, title and interest of the seller of, in and to any land lying in the bed of any street, road or avenue, opened *or proposed,* in front of or adjoining said premises, to the center line thereof, and all right, title and interest of seller in and to any award made or to be made in lieu thereof; and the seller will execute and deliver to the purchaser, on closing of title, or thereafter, on demand, all proper instruments for the conveyance of such title and the assignment and collection of any such award." This provision, referring to the seller's title in land lying in the bed of any street " opened or proposed," might have application to the proposed widening of the then existing Jamaica avenue and to a transfer by the vendor to the vendee of all right to an award for the taking.

Perhaps, however, the parties had reference to some other transaction, such as the proposed opening of another street. On this point the pleadings are not clear. In the absence of contract, the award would be payable to the one holding title when it passed to the city (*Matter of Van Etten* v. *City of New York*, 226 N. Y. 483, 489) and that one is defendant. No doubt, however, the vendee under an executory contract of purchase and sale has an equitable interest in the award. (*Clarke* v. *Long Island Realty Co.*, 126 App. Div. 282.) Reading the complaint and the contract alone, the facts are that a strip three feet deep is taken from land one hundred feet deep, amounting to what may be fairly regarded as an unsubstantial deduction, and that, in equity, plaintiff will be entitled to the award. Even if defendant could keep the award, plaintiff, on taking title, could insist upon a corresponding deduction from the contract price.

There are two ways of looking at this case. The first is the way Mr. Justice GAYNOR regarded similar facts when he wrote his dissenting opinion in *Clarke* v. *Long Island Realty Co.* (*supra*). It is logical. If this present case were not so closely related in principle to others decided before and since the *Clarke* case, the reasoning of that dissenting opinion might be accepted as sound law. As an original proposition, it would not be easy to answer. When a vendor contracts to convey a parcel described by metes and bounds and is unable to perform, the case would seem to be clear and the vendee apparently ought not to be put to an enforcement of his rights as an equitable owner of that part of the land which the vendor, through the fault of no one, becomes unable to convey.

But looking at this case in another way, regard must be paid to that line of precedents which follow the rule in *Paine* v. *Meller* (6 Ves., Jr., 349). They can be distinguished for the purpose of the present action only at the risk of creating chaos. " Since the decision in *Paine*

v. *Meller* it has not been doubted in England that the purchaser is not excused from fulfilling his promise to purchase by an accidental injury to the property. It is not surprising that the English law has had a marked effect upon the decisions in the United States. A majority of the American courts which have dealt with the subject have, either in dicta or decisions, indicated their assent to Lord ELDON's view though not always without qualification. But there is, nevertheless, a strong dissent." (Williston on Contracts, § 928.) In *Clinton* v. *Hope Ins. Co.* (45 N. Y. 454, 465) Judge ANDREWS respected the doctrine of *Paine* v. *Meller* when he said: " The general rule is, that the vendee in a contract for the sale of land, is entitled to any benefits or improvements happening to the land after the date of the contract, and must bear any losses by fire or otherwise, which occur without the fault of the vendor." The facts there, however, were peculiar. The vendee was not treated as an equitable owner because, under the contract of sale, he went into possession as tenant and paid rent during the interval between the execution of the contract and its necessary approval by the court due to the fact that infants were interested. The rule of *Paine* v. *Meller* was enforced in *Sewall* v. *Underhill* (197 N. Y. 168), where a vendee was in possession when a building upon the land was destroyed by fire. He brought his action to recover damages upon the theory that there had been a breach of the agreement in the failure of the vendor to convey the house. This court held that it was too late to dispute the rule in *Paine* v. *Meller*. Judge GRAY wrote: " I am unable to find that the authority of the English rule has been shaken in this State, that a loss by fire, *or other accident, not due to the fault of the vendor*, must fall upon the vendee, when the title is satisfactory and the contract is, therefore, capable of being specifically performed by the vendor. (See Pomeroy's Eq. Jur. vol. 6, § 859.)" That doctrine was not weakened in *Brownell* v. *Board of Education* (239 N. Y.

369, 374). There the parties by the terms of their contract took themselves out of the rule. Decisions in this State holding to the general rule that, in the absence of contract, the vendee of land upon which buildings insured by the vendor are destroyed by fire intermediate the contract of purchase and the vesting of title is not entitled to insurance moneys are all based upon the recognized theory that the vendee must bear the loss. Such a rule is harsher than the one applied in this case where merely the title as to part of the land was divested. The one who loses his beneficial ownership in a building uninsured by him has no redress. Here, the vendee has complete remedy as the equitable owner of the award. No substantial distinction in principle is apparent between the destruction of a building by fire and a partial divestment of title by act of the sovereign. In neither case is the vendor at fault and so the vendee must bear the burden. Appellant seeks to limit the authority of *Sewall* v. *Underhill* to cases wherein the vendee has gone into possession. No valid distinction seems to exist. Either the rule in *Paine* v. *Meller* should be accepted in its entirety as it was accepted in *Sewall* v. *Underhill* or it should be rejected. To draw fine distinctions would lead only to confusion.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur.

Judgment affirmed.