BARNET RIFKIN, Respondent, v. ED ZIT HOLDING COR-PORATION, Appellant.

(Argued October 7, 1930; decided October 14, 1930.)

*Benjamin Barondess* for appellant. The variance between contract and deed, by reason of the condemnation, was trivial and inconsequential; hence, the performance tendered by defendant was substantial. A question of fact was presented for the determination of a trial court, and it was improper for the Appellate Division to hold, as a matter of law, that the variance was substantial. (*Garibaldi* v. *Santangelo,* 164 App. Div. 513; 221 N. Y. 673; *Reife* v. *Osmers,* 252 N. Y. 320; *Kelly* v. *Brower,* 55 Hun, 606; 132 N. Y. 539; *Sauter* v. *Frank,* 67 Misc. Rep. 657; *Lighton* v. *City of Syracuse,* 48 Misc. Rep. 134; *Wilson* v. *Randall,* 67 N. Y. 338; *Johnson* v. *Taber,* 10 N. Y. 319; *Sprague* v. *Griffin,* 22 App. Div. 223; *Von Bargen* v. *Ginsberg,* 218 App. Div. 545; *Friedman* v. *Baron,* 223 App. Div. 851; *Raben* v. *Risnikoff,* 95 App. Div. 68; *Floeting* v. *Horowitz,* 120 App. Div. 492; *Stokes* v. *Johnson,* 57 N. Y. 673; *Heller* v. *Cohen,* 154 N. Y. 309.)

*Samuel N. Caplow* for respondent. Plaintiff's motion to strike out the second defense and the two counterclaims was properly granted. The portion which defendant was unable to convey because condemned by the city was so substantial as to make it inequitable to compel plaintiff to take less than what he bought. (*Friedman* v. *Baron,* 250 N. Y. 552; *Von Bargen* v. *Ginsberg,* 218 App. Div. 545; 245 N. Y. 647; *Raben* v. *Risnikoff,* 95 App. Div. 68; *Floeting* v. *Horowitz,* 120 App. Div. 492; *Siebel* v. *Cohen,* 54 N. Y. Sup. Ct. 436; *Garibaldi* v. *Santangelo,* 164 App. Div. 513; *Bostwick* v. *Beach,* 103 N. Y. 414; *Kelly* v. *Brower,* 55 Hun, 606; 132 N. Y. 539.)

██

Plaintiff's motion for judgment on the pleadings was properly granted. (*Vermeule* v. *City of Corning*, 186 App. Div. 206; 230 N. Y. 585; *Breeze* v. *Graves*, 67 App. Div. 322; *Hertzfeld* v. *Reinach*, 44 App. Div. 326; *Lee* v. *Rudd*, 120 Misc. Rep. 407; *Gass* v. *Arons*, 131 Misc. Rep. 502; *Wilkinson* v. *Medbury*, 132 Misc. Rep. 58; *Baird* v. *Daniel Co.*, 6 Fed. Rep. [2d] 27, 29.)

*Per Curiam.* Plaintiff contracted to purchase seventy-five vacant lots in an undeveloped section. Unknown to the parties the city of New York had become vested with title to a portion of five of the lots for the purpose of extending a street at the rear thereof. The question here is whether the fact that the defendant is unable to convey title to the small portion of the lots acquired by the city entitles the plaintiff to a lien for the down payment and deprives defendant of the right to specific performance. Is the variance between the quantity of land contracted for and the land described in the deed tendered to the plaintiff so substantial that a court of equity should refuse specific performance, or should the court decree specific performance with an allowance to the plaintiff on account of the reduced quantity of land? (*Reife* v. *Osmers*, 252 N. Y. 320.) The answer cannot be predicated upon the pleadings, but must be determined upon the evidence to be presented at a trial.

The judgment of the Appellate Division, entered upon its order of November 1, 1929, should be reversed, and the order of the Special Term affirmed, with costs in the Appellate Division and in this court.

The order of the Appellate Division dated February 15, 1929, should also be reversed in so far as it strikes out the defendant's second defense.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.