## DANIEL A. GILLIS *vs.* BONELLI-ADAMS CO. & another.

Suffolk.   November 23, 1932. — October 24, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Equity Jurisdiction*, To rescind contract. *Contract*, Performance and breach, Rescission, Failure of consideration, Implied. *Equity Pleading and Practice*, Parties, Bill.

The bill, in a suit in equity for cancellation and rescission of an instrument providing that the plaintiff should pay a certain sum of money to the defendant in instalments and that the defendant, in consideration thereof, should deliver a sufficient deed of a certain parcel of land to the plaintiff when the total sum should have been paid, contained allegations that the time for completion of performance under the instrument was a certain date more than one year subsequent to the commencement of the suit; that a substantial portion of the parcel of land in question had been taken in fee by eminent domain by the Commonwealth for the purpose of a parkway or boulevard; and that the plaintiff had performed all things required of him by said instrument. On demurrer, it was *held*, that

(1) The taking by eminent domain rendered the defendant unable to convey to the plaintiff the parcel described in said instrument; the possibility that the Commonwealth might abandon the portion taken was too remote to be a material circumstance;

(2) There was a failure of consideration entitling the plaintiff to rescind the instrument and recover the money which he had paid to the defendant;

(3) Although the time for completion of performance under the instrument had not arrived, the bill was not demurrable on the ground that the suit had been commenced prematurely.

In a suit in equity against two defendants to cancel and rescind two instruments of the character above described, the bill contained allegations that one instrument was executed by the plaintiff and one of the defendants and the other instrument by the same defendant and one who thereafter assigned all his rights under that instrument to the plaintiff; and that said defendant later conveyed the lands described in the instruments, and assigned all his rights thereunder, to the other defendant, who agreed to assume all the obligations of the first defendant. *Held*, that

(1) By reason of the relations between the two defendants and their respective obligations to the plaintiff and to each other concerning his claims, it could not be said that the plaintiff had an adequate remedy at law;

(2) In the circumstances, there was no impropriety in joining the cause of action held by the plaintiff in his own right with the one acquired by him by assignment;

(3) There was no misjoinder of defendants.

Where the bill in a suit in equity involving a contract in writing contained an allegation that the time for completion of performance thereunder had been extended in writing to a certain date, the bill was not demurrable on the ground that it did not set forth the agreement for extension: the "legal effect" of that agreement was sufficiently set forth in the bill.

BILL IN EQUITY, filed in the Superior Court with a common law writ dated February 25, 1932, and afterwards amended, against Bonelli-Adams Co. and Bonelli-Adams Investment Corporation.

Demurrers by the defendants are described in the opinion. The demurrers were heard by *Weed*, J., by whose order there were entered an interlocutory decree sustaining them on the ground that the suit was brought prematurely, and a final decree dismissing the bill. The plaintiff appealed from each decree.

*J. P. Sullivan*, for the plaintiff.

No argument nor brief for the defendants.

RUGG, C.J.    The plaintiff seeks by this suit in equity cancellation and rescission of two bonds for deed and recovery of the moneys paid thereunder. The bill as amended alleges that the first named defendant entered into two agreements in writing, each described as "Bond for Deed," one with the plaintiff and the other with John H. Gillis, who later in writing assigned all his rights thereunder to the plaintiff, whereby the defendant agreed, in consideration of money to it paid and to be paid in small sums from time to time until a total specified sum should be paid, to cause to be delivered to the plaintiff a good and sufficient deed to described parcels of land subject to certain restrictions; that the time for completion of performance was extended from May 20, 1929, to May 20, 1933; that in November, 1929, the first named defendant conveyed the premises described in the agreements to the second named defendant, assigning to the latter all its rights under the agreements, and the latter agreed to assume all obliga-

tions of the former thereunder; that in December, 1931, the Commonwealth through its department of public works made a taking in fee of a considerable portion of each of the parcels of land described in the bonds and took possession thereof for the purpose of constructing a parkway or boulevard, and that the portions of said parcels remaining are substantially different from the premises which formed the subject of the bonds; that because of this taking by the Commonwealth neither defendant will be able to deliver to the plaintiff a good and sufficient deed of the premises described in the bonds; and that the plaintiff has performed all parts of the agreements contained in the bonds resting on him and has paid stated sums of money on account of the purchases. The prayers are that the agreements be cancelled and rescinded, that the sums paid by him thereunder be repaid, and for further relief. The present proceeding was instituted in March, 1932. The defendants filed identical separate demurrers, setting up among other grounds that the suit was prematurely brought. An interlocutory decree was entered sustaining this ground of demurrer and a final decree dismissing the bill. The plaintiff appealed from both decrees.

By the demurrer all the allegations of fact set forth in the bill are admitted for the purposes of the present decision. It is apparent from the allegations of the bill and their necessary implications that there was a taking in fee of considerable portions of each parcel of land and that by reason of the entry thereon for the purpose of constructing the parkway or boulevard the right of action had accrued to the owner, the defendant, for damages thus sustained. G. L. (Ter. Ed.) c. 81, § 7; c. 79, §§ 3, 6. The defendant, as owner and vendor, was to that extent divested of its title. Thereby the vendor under the bonds for deed was deprived of conveying to the plaintiff the property described in the bonds. Title to substantial parts of the property had been transferred to the Commonwealth by exercise of the power of eminent domain. *Radway* v. *Selectmen of Dennis*, 266 Mass. 329, 334. The circumstance that under G. L. (Ter. Ed.) c. 81, § 12, the department might

abandon lands taken by it and thereby revest the title to the land in the vendor does not affect the fact that the vendor was deprived of the title to the land by the taking. Such abandonment as matter of practical experience is highly improbable.  It is a contingency too remote to be taken into account in transactions like those here under review.  Compare *Wright* v. *Walcott,* 238 Mass. 432, *Hellen* v. *Medford,* 188 Mass. 42.  The taking was by public authority for a public use.  By the taking the title to the land was placed entirely beyond the control of the vendor.  The case is distinguishable from an agreement to convey land not owned by the vendor at the time the agreement to convey is made, because he may purchase the land for the purpose of complying with his contract.  So also it is distinguishable from a case where the land is subject to a mortgage of which the vendor may procure a discharge before the time for performance of his contract may arrive.  The taking by eminent domain in the case at bar brought into existence a title in the Commonwealth which could not be acquired nor removed by any ordinary business negotiation.  The vendor became after the taking helpless in any effort to convey according to the terms of his bond, and could never in the nature of things be able to offer the title which he had agreed to transfer.

The case is governed in principle by *Kares* v. *Covell,* 180 Mass. 206.  It is not necessary again to go over the ground discussed in that opinion.  There as here the taking occurred after the agreement and before the time for performance. As was there said at page 208, "Under these circumstances, the plaintiff may at his election take what the defendant can give him, and hold the defendant answerable to him in damages as to the rest, or when the parties may be put *in statu quo* he may rescind the contract and recover back the money he has paid.  The plaintiff has chosen to rescind." The circumstance that the action was not brought until after time for performance had passed is not a decisive factor of difference.  To the same effect in principle are *Fort Payne Coal & Iron Co.* v. *Webster,* 163 Mass. 134, and *Libman* v. *Levenson,* 236 Mass. 221.  The principle is stated

in 2 Williston on Contracts, § 879, at pages 1685–1686, in these words: "It cannot be admitted that a vendor whose title is so defective as to justify a purchaser in inferring that the defect is not likely to be cured can compel the purchaser to wait until the day fixed for performance in order to see whether by any chance the vendor may be able to cure the defect, on penalty of being subject to an action for damages."

The case at bar is distinguishable from the decision in *Daniels* v. *Newton*, 114 Mass. 530. It there was held that an action for breach of a written agreement to purchase land brought before the expiration of the time stipulated for the conveyance cannot be maintained by proof of an absolute refusal on the part of the defendant ever to purchase. The disposition of a party to perform his contract may change when the time for performance arrives provided his power to perform has not been taken away. *Smith* v. *Greene*, 197 Mass. 16. That class of cases is distinguishable from the case at bar where the defendant has been deprived through the exercise of eminent domain of power to perform his contract. It would be vain in such circumstances to require the other party to a contract to wait until the time for performance arrives before seeking relief for the breach of contract, which in substance and effect has already taken place. There is nothing in the letter or principle of our decisions which requires that result. The right of present relief in these conditions finds support in adjudications in other jurisdictions. *Prentice* v. *Erskine*, 164 Cal. 446, 449. *Drew* v. *Bowen*, 102 Vt. 124, 128, 129. It follows that the present suit was not prematurely brought.

It is possible that, since the defendants have not argued nor filed a brief, their rights in respect to other grounds of demurrer may be taken to be waived. But the remaining grounds may be considered. *Derby* v. *Derby*, 248 Mass. 310.

Two causes of demurrer in substance are that there are no allegations in the bill setting forth a cause of action. The ground of relief alleged in effect is that the plaintiff has paid money to the defendant on a contract and that

the consideration has failed. An underlying condition of the contract for conveyance was that the property as described should be available for transfer in performance of the contract. When that condition failed, the plaintiff was entitled to rescind and to recover the money paid. *Kares* v. *Covell*, 180 Mass. 206. *Libman* v. *Levenson*, 236 Mass. 221. Therefore, valid grounds for relief are alleged.

The plaintiff cannot be said to have a full, complete and adequate remedy at law. The relations between the two corporate defendants and their respective obligations to the plaintiff and to each other concerning his claims can be better adjusted in equity than at law. It is alleged that the contract between the defendants requires one to assume all the obligations and liabilities of the other to the plaintiff with respect to the causes of action set forth in the bill. A bill to reach and apply this obligation for the benefit of the plaintiff is within the scope of G. L. (Ter. Ed.) c. 214, § 3 (7). It was an agreement intended for the direct benefit of the plaintiff. *Forbes* v. *Thorpe*, 209 Mass. 570.

There is no impropriety in joining the cause of action held by the plaintiff in his own right with the one acquired by him by assignment. The plaintiff is enabled to sue in his own name on the claim assigned to him. G. L. (Ter. Ed.) c. 231, § 5. *Universal Adjustment Corp.* v. *Midland Bank, Ltd. of London*, 281 Mass. 303, 311. The two causes of action were rightly joined in one suit because they grew out of similar transactions and were intimately related to each other as to subject matter, original obligations and breach of contract. *Robinson* v. *Guild*, 12 Met. 323, 328. *Pease* v. *Parsons*, 259 Mass. 86, 88.

Both defendants were materially concerned, one in one way and the other in another way, with the causes of action on which the bill is founded. They were properly joined. *Whitmore* v. *International Fruit & Sugar Co.* 214 Mass. 525, 528. *Bliss* v. *Parks*, 175 Mass. 539, 542–543.

The circumstance that the written agreements of extension of the contracts were not set out is no good ground for demurrer. The "legal effect" of these extensions was described in the bill. That is sufficient. G. L. (Ter. Ed.)

c. 231, § 7, Eleventh. *Suffolk Bank* v. *Lowell Bank*, 8 Allen, 355.

It follows that the interlocutory and final decrees must be reversed and a decree entered overruling the demurrer. The defendant has leave to answer.

*Ordered accordingly.*