48 P.(2d) 1031

**LOPEZ v. LUCERO.**

No. 4064.

Supreme Court of New Mexico.

Sept. 9, 1935.

Bradley M. Thomas, of Santa Fé, for appellant.

Ernest A. Polansky, of Albuquerque, for appellee.

BRICE, Justice.

This is a suit in ejectment to recover certain real estate situated in Sandoval county, N. M. A demurrer to the complaint was overruled and defendant (appellant) answered. Jury trial was waived and the case tried· to the court. At the trial no requests were made for findings of fact or conclusions of law and none were made, nor was there any objection to the court's general finding or judgment. At the end of the judgment it was recited: "To all of which the defendant objects and excepts." From a judgment for the plaintiff the defendant has appealed to this court.

1. If the court erred, as appellant claims, in overruling his demurrer, it was waived by his filing an answer. It is true, as appellant contends, that he can raise the question of the failure of the complaint to state a cause of action at any stage of the proceedings; but having answered and the case having been tried, the complaint will be treated as amended to conform to the facts proved. We are not able to say that the evidence did or did not establish plaintiff's cause of action, as no findings of fact were made or requested and no ·record saved authorizing us to review the evidence. Painter v. Sutherland, 37 N. M. 113, 19 P.(2d) 188.

2. If the judgment is defective because indefinite and uncertain as to the description of lands as urged by appellant, it was waived by appellant. He made no objection to this alleged defect, and a general exception only as made in the body of the judgment will not authorize this court to consider the question. Fullen v. Fullen, 21 N. M. 212, 153 P. 294.

3. Assuming that the specific recital, in the contract pleaded by appellee as the source of his title, limited such title to that conveyed by the contract and that "such specific recitals control in determining the sufficiency of the complaint" as claimed, yet no objection was made to the complaint on this ground. It is argued under this point that the court erred in admitting such contract in evidence because pleaded as the basis of appellee's title and neither it nor a copy was filed with the complaint as required by section 105-522, Comp. St. 1929. Aside from the fact that appellant made no point of this in his brief, the error, if any, was cured, as appellant proved such contract to be the source of his own title, thereby recognizing it as properly in evidence.

4. Appellant's fourth point is a proposition of law without any application to the facts or proceedings in this case. It raises no question for us to decide.

The judgment will be affirmed, and cause remanded. It is so ordered.

SADLER, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.