129 P.2d 974

**MESICH et ux. v. BOARD OF COUNTY COM'RS OF McKINLEY COUNTY.**

No. 4673.

Supreme Court of New Mexico.

Sept. 23, 1942.

Denny & Glascock, of Gallup, for plaintiffs in error.

David W. Carmody, Dist. Atty., and Arthur Livingston, Asst. Dist. Atty., both of Santa Fe, for defendant in error.

BRICE, Chief Justice.

This action was brought to recover compensation for the taking and damaging of private property for public use. At the close of appellants' (plaintiffs') testimony the trial court sustained a motion of appellee (defendant) for an instructed verdict, and thereupon judgment was entered for appellee.

In passing upon the motion the trial court was required to assume the truth of all that part of the testimony which supported appellants' case, together with all favorable inferences that could be reasonably deduced therefrom and discard all unfavorable testimony and inferences. Union Bank v. Mandeville, 25 N.M. 387, 183 P. 394; Merchants Bank v. Dunn, 41 N.M. 432, 70 P.2d 760; Telman v. Galles, 41 N.M. 56, 63 P.2d 1049; Sandoval Board of Education v. Young, 43 N.M. 397, 94 P.2d 508. Under this rule the following facts were proved:

On the 28th day of March, 1930, the appellants entered into an agreement with one I. H. Ford for the purchase of certain lots in Ford's Highway 66 Addition to the city of Gallup, New Mexico, for which appellants agreed to pay $800; $80 of which was paid in cash, the balance to be paid in installments of $36 per month.

On March 27th, 1931, the board of county commissioners of McKinley county guaranteed to furnish free of cost to the State Highway Commission the property in question and other property for the purpose of widening Highway No. 66.

In April, 1931, representatives of the State Highway Department negotiated with appellants for the transfer to appellee of a strip of land ten feet wide along the side of their property, for widening a state highway. A blank form of easement was furnished by the representatives of the Highway Department, which the appellants signed, with the understanding that thereafter the blank form would be filled out so it would convey a strip of land ten feet wide across appellants' property, for such purpose.

Contrary to the agreement, the description of a much larger tract of land than agreed upon was inserted in the blank deed and the highway was widened to its outside line. The right of way deed was dated the 25th day of March, 1931, and on that date appellants had paid more than half of the purchase price of said property. On the 15th day of December, 1933, I. H. Ford and wife (the vendors in the contract of sale) executed and delivered to appellants a warranty deed, conveying said

property, less the appropriated right of way, to them. The complaint was filed below on the 22nd day of March, 1941.

Of the nine grounds of demurrer to the evidence, all were overruled except the following: "The plaintiffs have failed to prove a cause of action herein, for the reason that they have failed to prove that plaintiffs were, on the 20th day of June, 1931, or at the time of the taking of the highway, owners of the fee simple title to certain land and real property located in McKinley County, more particularly described in paragraph 2 of the complaint."

Section 20 of Article 2 of the New Mexico Constitution provides: "Private property shall not be taken or damaged for public use without just compensation."

And Laws 1923, Ch. 21, 1929 Comp. § 43-301, provides: "Any person, firm or corporation authorized by the constitution or laws of this state to exercise the right of eminent domain who has heretofore taken or damaged or who may hereafter take or damage any private property for public use without making just compensation therefor or without instituting and prosecuting to final judgment in a court of competent jurisdiction any proceeding for condemnation thereof, shall be liable to the owner of such property, or any subsequent grantee thereof, for the value thereof or the damage thereto at the time such property is or was taken or damaged, with legal interest, to the date such just compensation shall be made, in an action to be brought under and governed by the code of civil procedure of this state; Provided that this act shall not apply to or affect any telephone line, telegraph line, electric light or power transmission line."

And § 64-313, N.M.Stats.1929, provides: "The rights of way deemed necessary by the state highway commission for highways constructed under supervision of said commission shall be acquired by the county by donation by the owners of the lands through which such highways shall pass, or by agreement between such owners and the board of county commissioners of the county, or through the exercise of the power of eminent domain in the manner provided by law for acquiring property for public uses. * * *"

We stated in Summerford v. Board, 35 N.M. 374, 298 P. 410, 412: "Consequential damages are not, as the trial court noted, mentioned in the section just referred to [N.M.Sts.1929 Sec. 64-313]. The view of the trial court that they are comprehended is not without support in reason. It was the clear duty of the Legislature to designate some source of recovery of the damages which the Constitution says the citizen is to have. No good reason has been suggested why, if liability for compensation for the taking of property for highways is imposed upon the county, liability for damaging property for the same purpose should be placed elsewhere. No other paymaster than the county is pointed out. Where the Constitution has clearly given the citizen the right, courts should indulge a reasonable liberality of construc-

tion in order to effectuate it. But we are spared the necessity of pursuing or deciding this question in the present case. The defendant county expressly admits that ordinarily its liability for damaging is the same as its liability for taking."

We now hold that counties are liable under said statute to damages for lands taken for highway purposes by them or with their acquiescence.

It is a general rule that where private land is taken for public use only the person who at the date of the taking owns the land or has some interest in it, has any claim for damages; and the right to damages is a chose in action which does not pass by a deed to a subsequent purchaser. Markiewicus et al v. Methuen, 300 Mass. 560, 16 N.E.2d 32; Alabama G. & S. R. Co. v. Brown, 215 Ala. 533, 112 So. 131; Duke Power Co. v. Rutland, 4 Cir., 60 F.2d 194; and ordinarily a subsequent vendee takes the land subject to the right of his injured predecessor to exact and receive the compensation; McElroy v. Borough of Fort Lee, 3 Cir., 46 F.2d 777; Kindred v. Union Pacific R. Co., 225 U.S. 582, 32 S.Ct. 780, 56 L.Ed. 1216; but in this state, under § 43-301, Sts.1929, supra, the right to damages runs with the land, and a subsequent purchaser may recover such damages if not paid to his predecessor in title.

The authorities are not in harmony on the question of whether the purchaser or the seller in a contract to convey real estate is the owner who is entitled to recover damages for its taking for public purposes.

The first question is whether the appellant or his predecessor in title was the owner of the property in question at the time it was taken by the county.

The deed executed in blank as to the land intended to be conveyed, was a nullity, Utah State B. & L. Ass'n v. Perkins, 53 Utah 474, 173 P. 950; Boyd Lbr. Co. v. Mills, 146 Ga. 794, 92 S.E. 534, L.R.A.1918A, 1154. The county can claim no rights thereunder. The word "owner" as used in statutes providing for eminent domain proceedings includes all persons who have an interest or estate in the property taken or injured. Watson v. New York Cent. R. Co., 47 N.Y. 157; Brigham City v. Chase, 30 Utah 410, 85 P. 436.

In law the effect of a contract whereby the owner agrees to sell and another agrees to purchase a designated tract of land, the vendor remains the owner of the legal title to the land; he holds the legal title, 1 Pomeroy's Equity Jurisprudence, § 367. But, in equity the vendee is held to have acquired the property in the land and the vendor as having acquired the property in the price of it. The vendee is looked upon and treated as the owner of the land and the equitable estate thereof as having vested in him. He may convey it or encumber it, devise it by will and on his death it descends to his heirs and not to his administrators. The legal title is held by the vendor as a naked trust for the vendee and any conveyance by him

to one not a bona fide purchaser for value is ineffective to pass title. The vendee must bear all accidental injuries or losses done to the soil or appurtenances, by the operations of nature or third parties, and is entitled to recover all damages for injury thereto. The vendor, before payment, holds the title as trustee for security only. Pomeroy's Equity Jurisprudence, §§ 368, 372 and 1261; Schmidt et al. v. City of Tipton et al., Mo.App., 89 S.W.2d 569; McGinley v. Forrest, 107 Neb. 309, 186 N.W. 74, 22 A.L.R. 567, and annotations at page 575; Reife v. Osmers, 252 N.Y. 320, 169 N.E. 399, 67 A.L.R. 1101; Wolfe v. Iowa R. & L. Co., 173 Iowa 277, 155 N.W. 324; Summers v. Midland Co., 167 Minn. 453, 209 N.W. 323, 46 A.L.R. 816; Stevenson v. Loehr, 57 Ill. 509, 11 Am.Rep. 36; Kuhn v. Freeman, 15 Kan. 423; Clarke v. Long Island Realty Co., 126 App.Div. 282, 110 N.Y.S. 697; Lewis v. McCreedy, 278 Ill. 264, 38 N.E. 170, 138 A.L.R. 198, and annotations at page 205; Rappoport v. Crawford, 99 N.J.Eq. 669, 134 A. 120; Clinton v. Hope Ins. Co., 45 N.Y. 454; 29 C.J.S., Eminent Domain, § 202; 20 C.J. "Eminent Domain" Sec. 292.

There are, however, authorities to the contrary, Birmingham & A. A. R. Co. v. Louisville & N. R. Co., 152 Ala. 422, 44 So. 679; Gillis v. Bonelli-Adams Co., 284 Mass. 176, 187 N.E. 535; Kares v. Covell, 180 Mass. 206, 62 N.E. 244, 91 Am.St.Rep. 271; Ogren v. Inner Harbor Land Co., 83 Cal.App. 197, 256 P. 607.

Some courts distinguish between the purchaser in possession and one to whom possession has not been delivered, holding that possession is necessary to ownership. Regarding this it is stated by high authority:

"Although the land should remain in the possession and in the legal ownership of the vendor, yet equity in administering his own property and assets looks not upon the land as land,—for that has gone to the vendee,—but looks upon the money which has taken the place of the land; that is, so far as the land is a representative of the vendor's property, so far as it is an element in his total assets, equity treats it as money, as though the exchange had actually been made, and the vendor had received the money and transferred the land." Pomeroy's Equity Jurisprudence, § 368.

The same question has arisen many times in cases involving the destruction of buildings by fire or other catastrophes occurring pending the consummation of a contract to purchase property; and it is generally held that the purchaser must bear the loss. McGinley v. Forrest, 107 Neb. 309, 186 N.W. 74, 22 A.L.R. 567; Reife v. Osmers, 252 N.Y. 320, 169 N.E. 399, 67 A.L.R. 1101. But there are authorities to the contrary, Libman v. Levenson, 236 Mass. 221, 128 N.E. 13, 22 A.L.R. 560. See annotations in 22 A.L.R. 575; 41 A.L.R. 1272; 101 A.L.R. 1241.

We should state that there is testimony which shows that the parties to the contract construed it as having transferred title to appellants.

The appellee asserts that as appellants had plead that they had a fee

simple title to the property, they could not claim to be owners of a less estate. But the question of ownership was litigated, and this court will treat the pleading as having been amended to conform to the proof. Lopez v. Lucero, 39 N.M. 432, 48 P.2d 1031.

There is no merit in the contention that appellants did not prove the identity and location of the land in dispute. The contract, appellants' exhibit 7, and appellants' testimony established these facts. The fact that the map attached as an exhibit to appellants' pleading is not identical with the official map in evidence is totally immaterial. The suit was over injuries to certain described property, and appellants proved their ownership and its injury.

The appellants could have more clearly presented their case if they had made and introduced in evidence a map of their property and the highway through it, for the purpose of showing the manner of taking. This, with the original map (Exhibit 7) would have shown conditions before and after the taking of their property. But there was sufficient evidence of ownership and injury to the property to go to the jury on the question of damages.

The cause should be reversed and remanded to the district court with instructions to grant a new trial.

It is so ordered.

SADLER, MABRY, and BICKLEY, JJ., concur.

ZINN, J., not participating.