Per Curiam.

We agree with the Special Term’s disposition in this case. The rule that risk of loss falls on the vendee and not the owner, the vendor, was definitely settled in England in 1801 with the decision of Lord Eldon in Paine v. Meller (6 Ves. Jr. 349). This same rule, but not without prior confusion of decision, became the law of New York in Sewell v. Underhill (197 N. Y. 168) and declared to be applicable, in Reife v. Osmers (252 N. Y. 320, 324) whether or not possession has been given. The rule in Paine v. Meller (supra) became, likewise, the law of the majority of American jurisdictions. For years that rule was the subject of much criticism. Professor Williston was one of the leading critics. He proposed placing the risk of loss upon the contract vendor if possession had not been transferred. His views were adopted by the Commissioners on Uniform State Laws in 1935. The Mew York Law Revision Commission recommended to the Legislature section 240-a of the Real Property Law added by chapter 731 of the Laws of 1936. See the report of Law Revision Commission for 1936 (1936 Report of M. Y. Law Revision Commission, pp. 757-780). In its report, the Commission makes clear that it adopts the Williston theory of risk of loss following the possession and not the equitable title. The effect of section 240-a of the Real Property Law was to abrogate the prior rule as to risk of loss in this class of contracts as formulated in *145 Paine v. Metier (supra). One has but to read Professor Willis-ton’s article in the Harvard Law Review, Yol. 9, p. 72, and the same views as expressed by him in Williston on Contracts (Yol. 4, Rev. ed., §§ 939-942) to see that under the possession theory all losses fall upon the owner prior to conveyance or the transfer of possession, if the vendee be without fault. The only variation of the New York statute, insofar as this lawsuit is concerned, from that recommended by the Commissioners on Uniform State Laws is the addition of clause (2) of paragraph (a) of subdivision 1 of section 240-a. But this variation in no way affects the radical change in the then existing law because, even if the loss be of an immaterial part, it falls on the owner if neither title nor possession has been given.
Bearing in mind then what was really intended by the adoption of section 240-a of the Real Property Law, it is reasonably clear that the partial destruction of the steam boiler must fall upon the owner since neither title nor possession had been transferred to the vendee. The statute ought not to be narrowly construed. The loss herein was just as much a destruction of part of the house which the purchaser had contracted to buy „ and for which he had agreed to pay a fixed price, as had an immaterial part of the house been destroyed from any other fortuitous cause, as fire. The purchaser’s complaint is not that the pipe which supplied water to the boiler rusted out but that the boiler was run without enough water in it. He is not seeking reimbursement for ordinary wear and tear but the destruction of a substantial part of the house for which he bargained. True, he cannot show that the owner was negligent. As Professor Williston points out, all hands agree that if he could, by all rules of law the loss should fall on the one in possession. It will make for less litigation if the one in possession be held to hold at his own peril, and not at the peril of the vendee. For a vendee to show negligence of a vendor in possession is too difficult. It is far better to place the loss, no matter what may have caused it, provided the vendee is blameless, on the vendor in possession. Nor should there be any attempt to make section 240-a applicable to one class of property and not another. The statute does not apply to new houses alone.
The judgment should be affirmed, without costs.
All concur. Present — Taylor, P. J., Dowling, Harris, McCurn and Larkin, JJ.
Judgment affirmed, without costs of this appeal to any party.