Frank J. Kronenberg, J.
Plaintiff’s assignor entered into two agreements with the City of Niagara Falls on September 5, 1961, concerning a certain parcel of land; one agreement being entitled “ Option” and the other, “ Sale Contract.”
The “Option” granted plaintiff’s assignee, hereinafter designated the ‘ ‘ Purchaser ’ ’, upon payment of $35,000, an exclusive option to purchase said premises, the same to expire on September 5,1963; but if not exercised prior to September 5, 1962, Purchaser would have to pay an additional $35,000 to continue the option until the September 5, 1963 date. This second payment was made and acknowledged.
Under the “agreement ”, if “Purchaser” elected to buy said premises, the $70,000 paid would apply toward the purchase price of $250,000.
The Purchaser was granted additional extensions of the “Option” date and finally on December 2, 1963, Purchaser elected to take the premises.
The closing was delayed and on June 1, 1964, the city notified the Purchaser that no further extensions would be granted. On the same day, the Purchaser sent the city the following wire: ‘ ‘ In view of failure of compensation for abutting streets I must reject title. Demand is hereby made for return of $70,000.00 Down Payment. If not paid, Lis Pendens will be filed.”
Purchaser’s objection to the title was allegedly predicated upon the action of the State of New York, Department of Public Works, appropriating a portion of the property covered by the contract between the parties, subsequent to the signing of the agreements; the notice of appropriation being dated September 11,1963.
Part of the parcel taken (50 feet by approximately 1073 feet) is designated as an “ Access Road ” and the remainder (approximately 123 feet by 1090 feet) is taken along said Access Road from the westerly portion of premises having an area of approximately 857 feet by 1100 feet; exclusive of said Access Road.
Purchaser has instituted its action for a return of said $70,000 and defendant now moves pursuant to CPLR 3211 (subd. [a], par. 7) for an order dismissing the complaint herein on the ground that the same does not state a cause of action.
Plaintiff’s complaint alleges that Purchaser is ready, willing and able to perform its part of the agreement, but that defendant is unable to perform since defendant cannot convey “ free from encumbrances except as specified in the agreement * * * and convey a good and marketable title thereto.”
*936 The plaintiff relies further on that portion of the contract of sale stating: “Together with and including all buildings and improvements thereon and all rights which would accrue to a private purchaser of the premises described in and to any and all streets, roads, highways, alleys, easements and right of ways pertinent thereto including any awards or settlements
Plaintiff then complains that it has been ‘ ‘ informed ’ ’ that the State will make no award for that portion of the premises taken lying in the bed of the street of the “ Access Boad ”.
Plaintiff further argues that the Purchaser, under the contract of sale, is entitled to any awards or settlements made pending transfer and that since the State in condemnation allegedly will not pay for part of the premises under contract to the Purchaser, the defendant cannot convey the title and rights they agreed to convey under the contract, and therefore plaintiff should be refunded the $70,000 because of the breach and inability to perform on the part of the defendant.
It is not denied that the city has filed a claim in the Court of Claims covering the parcel appropriated and further that the city has set forth the Purchaser’s interest under the contract. The city further challenges Purchaser’s statement that no compensation will be made for the “Access Boad” as premature.
The Purchaser further argues that its claim is not based solely on the exclusion of the fee of the bed of 64th Street (adjoining premises), but also the right to the bed of the Access Boad together with easement rights which apply not only to •64th Street but also to the Access Boad and that the fact that the defendant has filed a claim for damages with regard to the easement rights of light and air caused by the construction of the alleged highway does not remove the fact that such deprivation of easement rights constitutes a cloud on title.
Plaintiff claims that the risk of loss or change in the premises prior to transfer falls solely on the defendant vendor. (Real Property Law, § 240-a; General Obligations Law, §§ 1-203, 5-1311; Heerdt v. Brand, 272 App. Div. 143.)
Section 240-a provides in part: “1. Any contract hereafter made for the purchase and sale or exchange of realty shall be interpreted, unless the contract expressly provides otherwise, as including an agreement that the parties shall have the following rights and duties: (a) When neither legal title nor the posesssion of the subject matter of the contract has been transferred to the purchaser: (1) if all or a material part thereof * * * is taken by eminent domain, the vendor cannot enforce the contract * * * (2) if an immaterial part thereof *937 * * * is taken by eminent domain, neither the vendor nor the purchaser is thereby deprived of the right to enforce the contract; but there shall be, to the extent of the * * * taking, an abatement of the purchase price.” (Italics supplied.)
Plaintiff’s contention is to no avail since “ the contract expressly provides otherwise ” and the agreement before the court falls under the exception provided by section 240-a of the Beal Property Law rather than the rule. (See World Exhibit Corp. v. City Bank Farmers Trust Co., 270 App. Div. 654, affd. 296 N. Y. 586.)
Consequently, the question of whether there is a “ material ” taking or “ immaterial ” taking does not arise.
The contract (pp. 5-6) states as follows: “In the event of the construction of public works, including highways, streets, and arterials thereto, and any portion of the described premises is taken for public purposes, any and all award or awards by the State of New York or other public agency, shall be held by the Seller and applied upon the purchase price; and the Seller agrees not to voluntarily agree to or accept any such award without prior consultation and collaboration with and the prior approval and consent of the Purchaser who shall participate in negotiations for said award or settlement. In the event a portion of the described premises is appropriated by condemnation proceedings brought by the State of New York or other public agency, the Seller shall give notice to the Purchaser of such proceeding when instituted and the Purchaser shall have the right to appear therein, and the amount of the award as finally determined, shall be credited to the purchase price as provided herein. ’ ’
The contract as made must stand. There was no breach of the contract on the part of the city since the city was powerless to prevent the appropriation, and there is no contention that the city had any advance knowledge of it and concealed the same from plaintiff at the time of entering into the agreement, and further, no action on the part of the city in any way incumbered the estate it contracted to convey and if the title was marketable when the agreement was made, and it so appears, and provision was made in the agreement in case of condemnation by the State, the Purchaser cannot attack the title as rendered unmarketable as the result of a condemnation already contemplated by the agreement. (See Reife v. Osmers, 252 N. Y. 320.)
Plaintiff’s complaint does not state a cause of action and therefore must be and hereby is dismissed.