301 P.2d 518

**A. L. ZINN and Elizabeth P. Zinn, Plaintiffs-Appellees,**

v.

**E. Price HAMPSON, Defendant-Appellant.**

No. 6130.

Supreme Court of New Mexico.

Sept. 6, 1956.

Rehearing Denied Oct. 3, 1956.

Joseph Phil Click, Malcolm W. deVesty, Albuquerque, for appellant.

Dean S. Zinn, Frank B. Zinn, Santa Fe, for appellees.

LUJAN, Justice.

Appellees, A. L. Zinn and Elizabeth P. Zinn, instituted this action against the appellant, E. Price Hampson, seeking specific performance of a written contract for the sale and purchase of a certain parcel of land located in Bernalillo County, New Mexico.

The case was submitted to the court on stipulation of facts, in which it was admitted that the parties entered into an agreement for the purchase and sale of certain unimproved real estate located in Bernalillo County, New Mexico on January 27, 1956; that plaintiffs furnished the defendants with abstracts of title showing plaintiffs' title to the tract of land covered by the contract, to have been derived from a patent issued to them by the Commissioner of Public Lands of the State of New Mexico dated July 27, 1955; that plaintiffs stand ready and willing to convey the land to defendant in accordance with the agreement upon payment to them of the purchase price; that defendant refuses to complete the contract with plaintiffs by paying the purchase price and accepting the warranty deed to the land, contending that the plaintiffs' title is not merchantable, and basing that contention on a claim that the patent to plaintiffs was beyond the authority of the Commissioner of Public Lands to issue; that the tract of land covered by the contract of sale and upon which the State patent was issued was a portion of the land sold by the Commissioner of Public Lands of New Mexico at a public auction and upon which a contract of sale was subsequently executed between the plaintiff A. L. Zinn, the highest bidder at the public auction, and the Commissioner of Public Lands; that with the exception of the parcel of land covered by the parties' agreement, all of the land originally included in the sale at the public auction and in the original contract of sale between the plaintiff A. L. Zinn and the Commissioner of Public Lands, are now held by various assignees or successors to assignees of the plaintiffs, with those persons having entered into contracts of sale with the Commissioner of Public Lands all of which

contracts are still executory in that the balance due on the purchase price of the land covered by those contracts has not been paid to the Commissioner of Public Lands.

The sole question presented on this appeal is: "Does the Commissioner of Public Lands have the authority to issue a patent to the purchaser at a public auction of state land upon receipt of payment for a portion of the tract covered by the contract while the remainder of the land covered by the sale is held under executory contract and upon which the purchase price is still owed?"

Appellant attacks the patent from the State on the sole ground that under the law the Commissioner of Public Lands had no authority to execute a patent to a portion of a tract of land sold under an installment contract prior to final payment thereon.

■ In selling lands belonging to the State and issuing patents therefor, the Commissioner of Public Lands is merely an agent of the State and has those powers, and only those powers given by law. State ex rel. Del Curto v. District Court of Fourth Judicial District, 51 N.M. 297, 183 P.2d 607.

This is a case of first impression in this jurisdiction and the primary source of authority for this decision must come from the exact wording of our Enabling Act, Constitution and Legislative acts.

Section 10 of the Enabling Act specifically provides that "no sale or other disposal [of lands] * * * shall be made * * * upon credit *unless* accompanied by ample *security,* and the legal title shall not pass until the *consideration* shall have been paid. * * *" It reads:

"* * * No mortgage or other encumbrance of the said lands, or any thereof, shall be valid in favor of any person or for any purpose or under any circumstances whatsoever. Said lands shall not be sold or leased, in whole or in part, except to the highest and best bidder at a public auction to be held at the county seat of a county wherein the lands to be affected, or the major portion thereof, shall lie, notice of which public auction shall first have been duly given by advertisement, which shall set forth the nature, time, and place of the transaction to be had, with a full description of the lands to be offered, and be published once each week for not less than ten successive weeks in a newspaper of general circulation published regularly at the state capital, and in that newspaper of like circulation which shall then be regularly published nearest to the location of such lands so offered; nor shall any sale or contract for the sale of any timber or other natural product

of such lands be made, save at the place, in the manner, and after the notice by publication thus provided for sales and leases of the land themselves: Provided, That nothing herein contained shall prevent said proposed state from leasing any of said lands referred to in this section for a term of five years or less without said advertisement herein required.

"All lands, leaseholds, timber, and other products of land before being offered shall be appraised at their true value, and no sale or other disposal thereof shall be made for a consideration less than the value so ascertained, nor in any case less than the minimum price hereinafter fixed, nor upon credit unless accompanied by ample security, and the legal title shall not be deemed to have passed until the consideration shall have been paid. * * *

* * * * * *

"Every sale, lease, conveyance, or contract of or concerning any of the lands hereby granted or confirmed, or the use thereof or the natural products thereof, not made in substantial conformity with the provisions of this act shall be null and void, any provision of the Constitution or laws of the said state to the contrary notwithstanding. * * *"

The consideration in the instant case is the amount bid for the entire tract of land at the auction sale, accepted by the commissioner, and reduced to a written contract. The action of the commissioner in issuing the patent to the plaintiffs for a portion of the large tract of land sold to them before the balance due on the contract was fully paid diminished the State's security and prevented a full compliance of the contract on their part. Under such circumstances the only remedy left the State is to retain the small sum of money paid for the small portion of the land as liquidated damages, since it is powerless to enforce specific performance of the contract. It cannot proceed against the purchaser for no personal obligation is created under this type of transaction. The security for the payment of the purchase price is the land itself and the title thereto which remains in the State until final payment is made is the only inducement to purchaser to carry out the contract. See, Veseley v. Ranch Realty Co., 38 N.M. 480, 35 P.2d 297; State v. Field, 31 N.M. 120, 241 P. 1027.

Article 13, §§ 1 and 2 of the State Constitution provides as follows:

"Section 1. (Disposition of state lands.)

"All lands belonging to the territory of New Mexico, and all lands granted, transferred or confirmed to the state by congress, and all lands hereafter acquired, are declared to be public lands of the state to be held or disposed of

as may be provided by law for the purposes for which they have been or may be granted, donated or otherwise acquired; * * *.

"Sec. 2. (Duties of land commissioner.)

"The commissioner of public lands shall select, locate, classify, and have the direction, control, care and disposition of all public lands, under the provisions of the acts of congress relating thereto and such regulations as may be provided by law."

The law under which this sale was made and patent issued is found in the following Section of 1953 Compilation.

§ 7-8-9. "Sale for Cash—Contracts —Interest on deferred payments— Maximum term.—State lands shall be sold for cash or upon payment of one-twentieth of the purchase-price in cash and the balance at any time within thirty (30) years from the date of the contract. Deferred payments shall bear interest at the rate of four (4) per centum per annum from the date of contract until paid, interest payable annually, and interest due and unpaid shall bear interest at the rate of one (1) per centum per month from the date such interest is due until paid; Provided, that the provisions of this act shall not be applicable to lands selected for the benefit of the Santa Fe and Grant County railroad bond fund, but such lands shall be sold as provided by section 5236, New Mexico Statutes, Annotated, Code of 1915 (7-8-18), and outstanding contracts for such lands shall not be subject to the provisions of this section."

The Act further provides:

§ 7-8-10. "Restrictions on deferred payments.—At any time after sale and prior to the expiration of thirty (30) years from the date of the contract, the purchaser or his successor in interest may pay all or any part of the purchase-price due on any contract for purchase of state lands, but no payment shall be accepted, other than the first payment, for less than one-thirtieth of ninety-five (95) per centum of the purchase-price, nor be effective for credit on any date other than the anniversary of the date of the contract next following the date of tender."

§ 7-8-12. "Outstanding contracts may be canceled and new contracts granted—Conditions.—Contracts for the purchase of state lands now outstanding shall, upon application of the holders thereof and payment of a fee of four dollars ($4.00) for each contract of one (1) section or less, and ten cents (10¢) for each additional section or fraction thereof, be canceled and new contracts issued under the provisions of this act (7-8-9, 7-8-10,

7–8–12), in lieu of such outstanding contracts. Provided, that the provisions of this act shall not be applicable to lands selected for the benefit of the Santa Fe and Grant County railroad bond fund, but such lands shall be sold as provided by section 5236 of the Code of 1915(7–8–18), and outstanding contracts of such lands shall not be subject to the provisions of this section."

§ 7–8–21. "Assignment of contracts not in default—Certified copy to be filed with commissioner.—Any purchaser of state lands under deferred payment contract, not in default as to any payment, may assign all right, title and interest under any such contract; Provided, certified copy of the assignment shall be filed with the commissioner before same shall become effective."

It will be seen from an examination of the aforementioned provisions of the Enabling Act, State Constitution and Statutes that there is no specific authority given the Commissioner of Public Lands to issue a patent to a portion of a tract of land sold under contract when only that part covered by the patent has been paid for and the balance due under said contract has not been paid at the time the patent is issued.

We are of opinion, and so hold, that there was no authority of law for the

execution of the patent involved in this case.

The judgment of the trial court is hereby reversed, with directions to the trial court to enter judgment for appellant.

It is so ordered.

COMPTON, C. J., and SADLER and KIKER, JJ., concur.

McGHEE, J., not participating.