378 P.2d 814

**CITY OF CARLSBAD, New Mexico, a municipal corporation, Plaintiff-Appellant,**

v.

**Alfred Louis BALLARD et al., Defendants-Appellees.**

**No. 7091.**

Supreme Court of New Mexico.

Feb. 15, 1963.

James L. Dow, Carlsbad, for appellant.

Neal & Fort, Carlsbad, for appellee Ballard.

Lon P. Watkins, Carlsbad, for appellee Echols.

CARMODY, Justice.

The city appeals from the dismissal of its petition for condemnation of certain lands adjoining its municipal airport.

The only issue is whether a municipality may condemn all of the lands being purchased under a contract with the commissioner of public lands, when the municipality needs only a portion of the property.

The city of Carlsbad, under an agreement with the federal aviation agency, was attempting to develop its municipal airport. As a part of the development, it was necessary for the city to obtain title to certain parcels of land at the ends of the runways, in order to provide clear zones for landings and take-offs. The property needed was state land, and the land commissioner refused to sell to the city *only* the portion of land required. Instead, the land commissioner offered, at public auction, approximately 225 acres, which included the portion needed by the city. At the auction, the defendant Ballard was the successful bidder and received a contract from the land commissioner for the entire tract. The city thereupon brought the condemnation proceeding, seeking exclusive possession of the fee simple title to the entire 225 acres.

The petition alleged that the defendant was merely purchasing the property on contract, and did not own the fee simple title. After a hearing, the court dismissed the petition, when it developed that the city could not show a need to the entire tract. At the time of this hearing, the trial court made certain suggestions to counsel for the city, as to how the city could, in the court's judgment, properly proceed; and the city would seem, in this appeal, to seek our advisory opinion as to the propriety of the suggestions made by the trial court.

The city points out the difficulties of its position, in that the defendants are the contract purchasers of the property from the commissioner of public lands and need not pay the entire purchase price for thirty years; that such state contracts are not sev-

erable, and that we have held that a patent may not be issued for anything less than the entire tract. See, Zinn v. Hampson, 1956, 61 N.M. 407, 301 P.2d 518. Thus, even if the city were to condemn only the property that it needs and the defendants were subsequently to fail to make the entire payment required, the state would forfeit the entire contract, including the property condemned. The city's position is made even more difficult, because of the fact that there is no way that the commissioner of public lands can be made a party to litigation without his consent. State ex rel. Evans v. Field, 1921, 27 N.M. 384, 201 P. 1059; and Maes v. Old Lincoln County Memorial Commission, 1958, 64 N.M. 475, 330 P.2d 556.

■■■■ Much as we sympathize with the desire of counsel and the city officials to seek an answer to their problem, we decline to give an advisory opinion. The only real issue which can be answered in this appeal is whether a municipality may condemn more land than is needed.

It would appear to be the universal rule that a condemnor may take no greater interest than is reasonably necessary for the contemplated public use. The cases are legion which so hold, and there is no necessity in our citing authorities from a great many jurisdictions. Let it suffice to note that two annotations appear on the subject in 14 A.L.R. 1350 and 68 A.L.R. 837, which have been followed by a great many courts subsequent to their publication. For cases which are particularly illustrative of the rule, see United States Tennessee Valley Authority v. Welch (4th Cir., 1945), 150 F. 2d 613; Town of Williams v. Perrin, 1950, 70 Ariz. 157, 217 P.2d 918; and City of Tacoma v. Humble Oil & Refining Co., 1960, 57 Wash.2d 257, 356 P.2d 586. It would seem that, regardless of how worthwhile might be the purpose in seeking to condemn additional property, the condemnation of any property more than is actually needed for public use is a denial of due process of law. City of Cincinnati v. Vester (6th Cir., 1929), 33 F.2d 242, 68 A.L.R. 831.

The city, while agreeing to the above rule, urges that, inasmuch as it is seeking to condemn the interest in the contract only, a different rule should apply. However, no authority supporting this contention is cited, and we do not believe that any logical differentiation can be drawn between the condemnation of the land itself and the condemnation of the contract to purchase the land. The city cites State ex rel. Trimble v. Superior Court of King County, 1903, 31 Wash. 445, 72 P. 89, 66 L.R.A. 897, and Mesich v. Board of County Com'rs of McKinley Co., 1942, 46 N.M. 412, 129 P.2d 974, as supporting its theory. However, Trimble, although dealing with the condemnation of a state contract, is not in point because the question of taking only a part of the land was not before the court. Also, Mesich is of no aid, as that case, in-

sofar as material here, merely held that the purchaser, under an executory contract, was the owner of the equitable estate.

In attempting to condemn more property than was needed for public use, whether a contract interest therein or the fee, the city of Carlsbad exceeded its authority and the judgment of the district court will be affirmed. It is so ordered.

NOBLE and MOISE, JJ., concur.