491 P.2d 166

**H. H. TRICKEY et al., Defendants-Cross-Claimants-Appellants,**

v.

**Helena J. Harris ZUMWALT, Defendant-Cross-Defendant-Appellee,**

v.

**ALBUQUERQUE NATIONAL BANK, Executor of the Estate of Evelyn K. Giant McDowell, Deceased, Defendant-Appellee.**

No. 9298.

Supreme Court of New Mexico.

Nov. 29, 1971.

Modrall, Sperling, Roehl, Harris & Sisk, Peter J. Adang, Albuquerque, for appellants.

John E. Hall, Albuquerque, for Zumwalt.

## OPINION

COMPTON, Chief Justice.

On October 1, 1964, appellants entered into a real estate sales contract with appellee Zumwalt for the sale of land for $60,000.00, $5,000.00 cash, and the balance payable in annual installments.

On November 24, 1969, the State of New Mexico commenced condemnation proceedings against the property involved, eventually acquiring the entire tract. In accordance with § 22–9–43, N.M.S.A.1953 Comp. (1971 Supp.), the State deposited an amount equal to its initial offer, $27,000.00, into the registry of the court, and then took immediate possession. In answering the condemnation proceeding, appellee and appellants alleged the value of the land to be $160,000.00.

On February 18, 1970, pursuant to the terms of the contract, appellants notified appellee that she was in default of the contract in the amount of $9,486.66, principal and interest, and that unless this amount was paid within thirty days, the contract would be terminated and that all previous payments retained as rentals pursuant to language set forth in the contract. The cause was heard by the court and the court held that the application of the condemnation deposit to the balance of the contract, cured any past default. From the ruling of the court the appellants have appealed.

Subsequently the State deposited an additional $15,000.00 into the registry of the court, which sum was credited to the balance due on the contract. These credits left an alleged balance of principal and interest of approximately $9,500.00, which amount is disputed by appellee.

The decisive question is whether any part of the condemnation money deposited by the State could be applied to cure appellee's default without impairing the sellers' security in the deposit. We think not. By allowing the deposited funds to be used to cure the delinquent amounts, the court extinguished any right of recovery that the vendors had against the purchaser for the delinquent balance, thus impairing the security of the vendors by the amount of the delinquent balance. In Mesich v. Board of Com'rs of McKinley County, 46 N.M. 412, 129 P.2d 974, we adopted the position that a vendor in a real estate sales contract holds the legal title as trustee for security only. When this security is condemned by one vested with the power of eminent domain, the award, in this instance the preliminary deposit prior to final determination of the award, stands in place of the land and is security for performance of the contract and is subject to liens just as if it were the land. See 2 Nichols on Eminent Domain, § 5.74.

We do not decide the issue of appellee's alleged default, only that the condemnation

deposit cannot be used to cure any default under the real estate sales contract. The record discloses, however, that from the due date of the first installment payment there is a record of delinquent payments and in some years no payment at all was made as of the due date. Even though the appellee was continually delinquent in paying on the contract, appellants refrained from declaring a forfeiture of the contract until the condemnation suit was instituted.

The cause is reversed and remanded with instructions to the trial court to enter an order disbursing the funds in a manner not inconsistent with this opinion and to determine, from the record made, the issue of appellee's default as of March 18, 1970.

It is so ordered.

STEPHENSON and MONTOYA, JJ., concur.