606 P.2d 541

**HOBBS MUNICIPAL SCHOOL DISTRICT NO. 16, Plaintiff-Appellant and Cross-Appellee,**

v.

**KNOWLES DEVELOPMENT COMPANY, INC., Clifford Crowe and Sarah Crowe, his wife, Roger Gray, and other unknown persons, d/b/a Plains Development Co., a partnership, Raymond Eaves, Larry Teague and Doyle Balko, a partnership, and all unknown claimants of interest, Defendants-Appellees and Cross-Appellants.**

No. 12412.

Supreme Court of New Mexico.

Feb. 18, 1980.

Reynolds, Bryan & Francoeur, Warren F. Reynolds, Hobbs, Pickard & Singleton, Lynn Pickard, Santa Fe, for plaintiff-appellant and cross-appellees.

Lowell Stout, Hobbs, for defendants-appellees and cross-appellants.

OPINION

FEDERICI, Justice.

This appeal arises out of a condemnation suit brought by appellant, Hobbs Municipal

School District (School District), against appellee, Knowles Development Company, Inc. (Landowners), seeking land upon which the School District anticipates construction of an elementary school and a junior high school within the next five to ten years. The land involves a 40–acre tract of State land originally leased by the School District but later sold by the State to Landowners under contract of sale. The School District sought to condemn the entire forty acres but the trial court only permitted the School District to condemn 15 acres.

After the School District filed its condemnation action; commissioners were appointed by the district court to assess the damages in the event the land was ordered condemned. A report was filed by the commissioners, to which both plaintiff and defendant excepted. Subsequently, the trial court filed its conclusions of law and findings of fact and decree, concluding that the School District had a reasonable necessity for 15 acres of land sought to be condemned and that as to the remaining 25 acres, there was no present need or necessity for public use by the School District. An interlocutory appeal and cross-appeal followed. We affirm.

Two issues are presented in this appeal:

(1) Did the trial court err in limiting to 15 acres the amount of land which appellant-School District was permitted to condemn?

(2) Since the 15–acre tract is only a portion of a 40–acre tract now under contract of sale by the State to appellees-Landowners, could the court order the condemnation of less than the entire 40–acre tract?

■ Point (1) has been addressed in *City of Carlsbad v. Ballard*, 71 N.M. 397, 378 P.2d 814 (1963). The issue presented was:

[W]hether a municipality may condemn all of the lands being purchased under a contract with the commissioner of public lands, when the municipality needs only a portion of the property.

*Id.* at 398, 378 P.2d at 814.

The Court concluded:

It would appear to be the universal rule that a condemnor may take no greater interest than is reasonably necessary for the contemplated public use. The cases are legion which so hold, and there is no necessity in our citing authorities from a great many jurisdictions. Let it suffice to note that two annotations appear on the subject in 14 A.L.R. 1350 and 68 A.L.R. 837, which have been followed by a great many courts subsequent to their publication. * * *

The city, while agreeing to the above rule, urges that, inasmuch as it is seeking to condemn the interest in the contract only, a different rule should apply. However, no authority supporting this contention is cited, and we do not believe that any logical differentiation can be drawn between the condemnation of the land itself and the condemnation of the contract to purchase the land. (Citations omitted.)

*Id.* at 399, 378 P.2d at 815.

*See also*, Annot., 6 A.L.R.3d 297 (1966).

In the present case, the trial court found:

2. From the evidence produced at the trial, it was established that plaintiff has a reasonable necessity for the use of a portion of said land for the construction of an elementary school, and the Court, from the evidence, determines that there is a reasonable necessity for 15 acres as described by Exhibit '"A" attached hereto and by reference is made a part hereof.

3. There is no present need nor necessity for acquiring the balance of approximately 25 acres of land from the site owned by the plaintiff. Such a site is not presently needed for public use by the plaintiff.

There is substantial evidence in the record to support those findings.

With reference to Point (2), the Court in *Ballard* mentioned the question but did not decide it since it would have amounted to the giving of an advisory opinion. The Court, however, did mention the case of *Zinn v. Hampson*, 61 N.M. 407, 301 P.2d 518 (1956), where it was held that a patent may not be issued for less than the entire tract.

We have no quarrel with the result reached in *Zinn*. It does not reach the question posed under this point.

 The interest acquired by the purchaser under an executory contract for the sale of land is real estate. *Marks v. City of Tucumcari*, 93 N.M. 4, 595 P.2d 1199 (1979). This is an interest which is subject to condemnation proceedings. We hold that a court may approve the condemnation of a tract of land even though it is less than the entire tract held by third parties under contract with the State.

The appellant may face financial and title problems in the future since the State contract provides for yearly payments for a number of years and upon default the State must cancel the contract on the entire tract. *See Application of Dasburg*, 45 N.M. 184, 113 P.2d 569 (1941). What effect these events may have on the parties, is not clear.

However, it is not for us to anticipate and resolve future rights and liabilities with respect to this property. To do so at this point would be premature and tantamount to an advisory opinion. *City of Carlsbad v. Ballard, supra.*

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

SOSA, C. J., and FELTER, J., concur.