656 P.2d 234

**HERTZMARK–PARNEGG REALTY,
INC., Plaintiff-Appellant,**

v.

**Thomas B. HUNT, Defendant-Appellee,**

v.

**Robert L. WILSON, Donald W. Hoffman,
Individually, Manzano Industries, Ltd., a
New Mexico Limited Partnership, Don-
ald W. Hoffman, General Partner, Third
Party Defendants-Appellees.**

No. 14062.

Supreme Court of New Mexico.

Sept. 29, 1982.

Wollen, Segal & Taylor, Sylvain Segal,
Albuquerque, for plaintiff-appellant.

Shaffer, Butt, Thornton & Baehr, Ray-
mond A. Baehr, Albuquerque, for defend-
ant-appellee Hunt.

Threet & King, David W. King, Albu-
querque, for defendants-appellees.

## OPINION

EASLEY, Chief Justice.

Hertzmark, a real estate broker, filed suit
to recover a real estate commission from
Hunt. Hunt impleaded Wilson, who had
signed the contract to buy the property
from Hunt, and also impleaded Hoffman, to
whose limited partnership the property was
conveyed. The trial court dismissed Hertz-
mark's complaint and he appealed. We af-
firm.

The issue involves a phrase in the Listing
Agreement stating that the owner shall pay
a commission to the broker if the property
is "sold, exchanged or conveyed" within
twelve months after the expiration of the
term of the agreement to someone intro-
duced by the broker to the owner. The
question is whether the word "sold" refers
to the execution of a contract of sale or to
the delivery of a deed.

Hertzmark introduced Hoffman to Hunt
as a prospective purchaser; however, a sale
was not made. Hunt later sold the proper-
ty to Wilson who assigned his interest to
Hoffman. When the sale was closed, Hunt
signed a deed that conveyed the property to
Hoffman's limited partnership.

The Listing Agreement between Hunt and Hertzmark was in effect at all material times. Hertzmark had not produced Wilson as a purchaser. Hunt, Hoffman, and Wilson all denied that there was any collusion to deny Hertzmark his commission. Hunt also testified that he did not know at the time he signed the deed that the instrument showed Hoffman's limited partnership as the purchaser.

Hertzmark claimed that the property was "sold, exchanged or conveyed" by Hunt at the time he signed and delivered a deed to Hoffman, who had been produced by Hertzmark as a purchaser.

Fraud was not pleaded or proved.

The trial court found that the property was "sold" when Hunt signed the purchase agreement with Wilson. Further, since Hertzmark did not bring Wilson to Hunt as a purchaser, Hertzmark was not entitled to a commission.

Hunt did not make a deed to Wilson. The title company preparing the papers eliminated that step by having the deeds made to Manzano Industries, Hoffman's limited partnership. The testimony of Hunt that he did not know the name of the grantee in the deed is uncontradicted.

New Mexico has long recognized the doctrine of equitable conversion which holds that the execution of a purchase agreement places the equitable ownership of that property in the person shown as the purchaser. In *Mesich v. Board of County Commissioners,* 46 N.M. 412, 416–17, 129 P.2d 974, 976 (1942), this Court discussed the equitable doctrine:

> In law the effect of a contract whereby the owner agrees to sell and another agrees to purchase a designated tract of land, the vendor remains the owner of the legal title to the land; he holds the legal title * * * But, in equity the vendee is held to have acquired the property in the land and the vendor as having acquired the property in the price of it. The vendee is looked upon and treated as the owner of the land and the equitable estate thereof as having vested in him. He may convey it or encumber it, devise it by will and on his death it descends to his heirs and not to his administrators. The legal title is held by the vendor as a naked trust for the vendee and any conveyance by him to one not a bona fide purchaser for value is ineffective to pass title. The vendee must bear all accidental injuries or losses done to the soil or appurtenances, by the operations of nature or third parties, and is entitled to recover all damages for injury thereto. The vendor, before payment, holds the title as trustee for security only. [Citations omitted.]

We applied the *Mesich* reasoning in *Gregg v. Gardner,* 73 N.M. 347, 359, 388 P.2d 68, 77 (1963), in which we stated that "in equity a contract for sale of real estate results in the purchaser acquiring an equitable interest in the land * * * through application of the doctrine of equitable conversion." *See also Hobbs Municipal School District v. Knowles Development Co.,* 94 N.M. 3, 606 P.2d 541 (1980) (interest acquired by purchaser under executory contract for sale of land is real estate and subject to condemnation proceedings); *Marks v. City of Tucumcari,* 93 N.M. 4, 595 P.2d 1199 (1979) (interest retained by a vendor under an executory contract of sale of real estate is personalty and not real estate, and thus not subject to judgment liens); *Trickey v. Zumwalt,* 83 N.M. 278, 491 P.2d 166 (1971) (vendor of real estate sales contract holds legal title as trustee for security only); *Keirsey v. Hirsch,* 58 N.M. 18, 265 P.2d 346 (1953) (purchaser under real estate contract has acquired property interest in land of such character that it will descend to his heirs and not to his administrators upon his death).

■ Pursuant to the doctrine of equitable conversion, Wilson acquired the property once Hunt signed the purchase agreement with him. Therefore, Hunt "sold" the property to Wilson, not Hoffman, and accordingly, Hertzmark may not recover a real estate commission from Hunt.

■ Although the circumstances could raise some suspicions that Hunt may have

known that he was conveying the property to Wilson so that Wilson could convey to Hoffman and thus avoid the payment of a real estate commission, there is no substantial evidence to support such a finding. In the absence of an allegation and proof of fraud, we cannot presume that these circumstances show as a matter of law that Hunt "sold" the property to Hoffman.

The decision of the trial court is affirmed.

DAN SOSA, Jr., Senior Justice, and FEDERICI, J., concur.