This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ALAN CARLSON,**

Petitioner-Appellee,

v.                                                            **NO.**  29,798

**KIRSTEN CARLSON,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Deborah D. Walker, District Judge**

Dean E. Border
Albuquerque, NM

for Appellee

Kirsten Carlson
Edgewood, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Mother appeals from an order denying her motion for relief from a judgment awarding sole custody of her two children to Father, setting child support payments, and settling the parties' responsibility for the fees of the guardian ad litem. [DS 2-3; RP 306] Mother's docketing statement raised two issues: first, that the district court abused its discretion in failing to consider all the evidence prior to permitting Father to have sole custody of the children and, second, that the district court erred in admitting certain testimony at the custody hearing. [DS 2-3] In our notice of proposed summary disposition, we proposed to conclude that these issues are not properly before us on appeal, as Mother failed to appeal from the original judgment, and instead filed a motion for relief from judgment pursuant to Rule 1-060(B) NMRA. As we also proposed to conclude that the district court did not err in denying Mother's Rule 1-060(B) motion, we proposed to affirm. In response, Mother has timely filed a memorandum in opposition, a motion to amend the docketing statement, an amended docketing statement, and a motion for modification of child support. We have considered Mother's arguments, and, as we are not persuaded by them, we deny her motions and affirm.

As an initial matter, we deny Mother's motion to amend the docketing statement. Mother has not sought to raise any new issues in her amended docketing statement, but seeks to amend it to add citations to the record proper and make editorial changes. [Mot. to Accept Amended Docketing Statement 2] These types of

changes do not warrant amendment of the docketing statement. All docketing statements are filed without citations to the record proper, and this Court carefully reviewed the record in this case—as it does in all cases—prior to drafting its notice of proposed summary disposition. Accordingly, we deny Mother's motion and rely on her original docketing statement.

This case began on January 3, 2005, when Father filed a petition for dissolution of marriage, which sought, among other things, joint custody of the couple's two children. [RP 1] A judgment and final decree of dissolution of marriage nunc pro tunc was filed on February 13, 2006. [RP 113] However, in the interim, the parties' children had been manifesting evidence of serious psychological and emotional difficulties, and the parties, each blaming the other, had filed a number of motions vigorously disputing child custody issues. Accordingly, the district court's judgment was not actually final, as it reserved jurisdiction over the custody matters raised by the petition for divorce pending a custody evaluation by a mental health professional. [RP 114] *See Khalsa v. Levinson*, 1998-NMCA-110, ¶ 17, 125 N.M. 680, 964 P.2d 844 ("In a dissolution proceeding, there is no final order unless and until an order is entered that contains decretal language and resolves all the matters raised in the initial petition.").

On July 9, 2007, the district court entered an order containing decretal language that resolved the custody issues by granting Father "modified sole legal custody and

3

physical custody" of the children. [RP 212] This order appears to have been a final, appealable order, since all issues raised by the petition for divorce were resolved once the order was entered. *See id.* Mother did not appeal this order. However, Mother did file a motion to modify custody. [RP 227] In order to be successful, a motion to modify custody must demonstrate substantially changed conditions warranting the modification. *See Thomas v. Thomas*, 1999-NMCA-135, ¶ 10, 128 N.M. 177, 991 P.2d 7 ("A court may modify a custody order only upon a showing of a substantial change in circumstances since the prior order that affects the best interests of the children."). In this case, Mother's motion did not raise any substantial change in circumstances since the prior order, and instead simply asserted that it was in the best interest of the children to have more time with Mother and that certain "[p]revious legal documents" needed to be reviewed by the district court. [RP 227] The district court denied Mother's motion. [RP 232] This order was a final appealable order, from which Mother did not appeal. *See Khalsa*, 1998-NMCA-110, ¶ 17 ("[W]hen a motion to modify one or more of the modifiable elements of the decree [dissolving the marriage] is filed, an order resolving the motion is not final unless it contains decretal language and resolves all the issues raised in the motion.").

Mother filed a second motion to modify the custody plan, this time asserting that substantial and material changes had taken place that warranted a change in the custody plan. [RP 233] These included that the children had had lengthy

4

unsupervised visits with Mother and that Mother had completed a co-parenting course and read a book recommended by the children's guardian ad litem. [RP 233] The guardian ad litem also filed a motion to adopt her final recommendations regarding child custody. [RP 238] On May 18, 2009, the district court entered an order modifying custody by adopting the guardian ad litem's recommendations and again awarding Father sole legal and physical custody of the children. [RP 280-82] This was a final, appealable order, as it contained decretal language and resolved all issues raised by Mother's and the guardian ad litem's motions for modification of custody. *See id.* Mother did not appeal from this order. Instead, on July 28, 2009, Mother filed a motion for relief from judgment. [RP 298-302] As the motion was filed more than thirty days from the date of the entry of the judgment, it cannot be construed as a motion to reconsider pursuant to NMSA 1978, Section 39-1-1 (1917). Therefore, we construe the motion as Mother styled it—as a motion pursuant to Rule 1-060(B)(1) and (B)(2). The district court denied Mother's motion, and Mother filed a timely notice of appeal from this order. [RP 306, 307 (The notice of appeal incorrectly states that she is appealing to the New Mexico Supreme Court, rather than to this Court.)]

As we explained in our notice of proposed summary disposition, the two issues raised in Mother's docketing statement relate to claimed errors in the underlying judgment awarding custody to Father. [DS 2-3] However, on appeal from the denial of a Rule 1-060(B) motion, this Court's appellate review is limited to the question of

5

whether the denial of the motion was erroneous, and we will not review the merits of the underlying decision that is sought to be reopened. *See James v. Brumlop*, 94 N.M. 291, 294, 609 P.2d 1247, 1250 (Ct. App. 1980). This is because the filing of a Rule 1-060(B) motion does not affect the finality of the underlying judgment or extend the time for filing a notice of appeal from that judgment. *See* Rule 1-060(B)(6) ("A motion under this paragraph does not affect the finality of a judgment or suspend its operation."); Rule 12-201(D) NMRA (listing the kinds of motions that, if timely filed, will extend the time for filing a notice of appeal). Therefore, if Mother wished to have this Court review the merits of any custody order, Mother was required to file a timely notice of appeal from any of the final orders in this case—the original order determining custody, the order denying Mother's motion to modify custody, and the modified custody order. *See* Rule 12-201(A). As Mother failed to do so, and instead has timely appealed from an order denying her Rule 1-060(B) motion to set aside the most recent custody determination, this Court will only review the question of whether the denial of Mother's Rule 1-060(B) motion was erroneous.

Mother argues that the custody orders were not in fact final because the district court did not review the evidence that she believes should have been considered, because no referral to the court clinic was made, and because Mother's concerns about the guardian ad litem and the guardian ad litem's report were not addressed. [MIO 2-3] Mother misunderstands the requirements for finality. An order need not address

6

each of Mother's arguments, need not make requested referrals, and need not be based on any particular evidence. Any claims of error relating to such decisions by the district court are claims of error to be raised on appeal, but nothing about them affects the finality of the judgment. To the degree that Mother's various motions requested relief that was not granted, such relief was effectively denied, and Mother could have appealed from the denial of that relief. She did not, and instead filed a motion for relief from judgment.

Mother's Rule 1-060(B) motion relied on Rule 1-060(B)(1), which permits relief from judgment based on mistake, inadvertence, surprise, or excusable neglect, and on Rule 1-060(B)(2), which permits relief from judgment based on newly discovered evidence that by due diligence could not have been discovered in time to move for a new trial pursuant to Rule 1-059 NMRA. However, Mother's motion did not present any arguments sufficient to establish either of these claims for relief. Instead, Mother's motion relied on evidence she apparently could have obtained in time to file a Rule 1-059 motion and arguments that did not establish mistake, inadvertence, surprise, or excusable neglect of the sort required for relief from a final judgment. [RP 298-302] Accordingly, we hold that the district court did not err in denying Mother's Rule 1-060(B) motion.

Mother filed a motion for modification of child support in this Court. However, this Court does not modify child support determinations; instead we review appeals

from the district court's orders regarding child support. To the degree that Mother's motion seeks review of that portion of the district court's order regarding child support and the cost of the supervised visits with Mother's children, and to the degree that Mother seeks review of the separate judgment requiring Mother to pay the guardian ad litem $6331 in fees, Mother failed to timely appeal from those orders, instead filing a Rule 1-060(B) motion for relief from judgment. [RP 280-82, 295, 298-302] For the reasons described with respect to Mother's other issues on appeal, Mother has not demonstrated that the district court erred in denying her motion for relief from judgment. Accordingly, we decline to construe Mother's motion for modification of child support as a motion to amend the docketing statement to add these issues on appeal. We will only grant motions to amend the docketing statement to add new issues when the issues to be raised are viable. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *superceded by rule on other grounds as recognized in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

Therefore, for the reasons stated in this opinion and in the notice of proposed summary disposition, we deny Mother's motion to amend the docketing statement and her motion to modify child support, and we affirm the district court's order denying her Rule 1-060(B) motion for relief from judgment.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Chief Judge**

_____

**ROBERT E. ROBLES, Judge**